KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | | |
|---|---|---|
| PAUL LABRUE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-1264-JTM-KMH |
| | ) | |
| GAB ROBINS NORTH AMERICA, INC., | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Paul LaBrue, Jr. ("Paul"), for his cause of action against Defendant,

GAB Robins North America, Inc. ("GAB"), states and alleges as follows:

**Parties**

1.      Paul is a resident of the State of Kansas and resides at 306 Brazos,

Goddard, Kansas 67052.

2.      GAB is a foreign corporation and is authorized to do business in the state

of Kansas. The agent for service of process is National Registered Agents, Inc. of Kansas, 2101

SW 21st Street, Topeka, Kansas 66604.

**Jurisdiction**

3.     The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1332 as a federal question, as this complaint is brought under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

**Venue**

4.     Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5.     Paul began working for GAB in 1995 as an adjuster.  For twelve years, Paul worked as a travelling adjuster out of Kansas City and Denver.

6.     Paul compiled an impressive work record at GAB and was given numerous awards for his success.   During the first quarter of 2007, Paul continued his excellent work.

7.     On or about March 30, 2007, Paul was diagnosed with Acquired Immune Deficiency Syndrome ("AIDS"), which constitutes a disability for purposes of the ADA.

8.     Paul immediately notified his supervisor, Lynn Wieder ("Lynn"), about his diagnosis.

9.     After missing some work in the second quarter of 2007 due to his illness, Paul resumed his outstanding work with a strong third quarter.

10.     Despite Paul's perseverance to continue working despite his illness, almost immediately following his diagnosis, he began to notice disparate treatment from his managers, coworkers and other GAB employees.

11.    Paul began to receive numerous written and verbal warnings for trivial reasons such as working diverse hours to accommodate his medical needs.

12.    Notice of Paul's condition was widely disseminated throughout GAB.  For example, managers he had never spoken to began to contact him and inquire about how he was feeling.

13.    On or about November 30, 2007, Paul was terminated from his position at GAB.  The reasons given for Paul's termination were pretextual and he was actually terminated on account of his medical condition.

14.    As a result of his termination, Paul has suffered damages, including lost wages and non-pecuniary damages.

15.    Paul filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2008 and received a right to sue letter which was signed on August 20, 2008, thereby exhausting his administrative remedies.

**Theories of Recovery**

## COUNT I
## A.D.A.

16.    Paul re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15 above.

17.    GAB's  actions constitute a violation of the Americans With Disabilities Act and entitle Paul to damages.

## COUNT II
## FAMILY MEDICAL LEAVE ACT

18.     Paul re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above.

19.     GAB's actions constitute a violation of the Family Medical Leave Act and entitle Paul to damages.

WHEREFORE, Paul respectfully requests that the Court enter judgment in his favor and against GAB in an amount in excess of $75,000.00; that the Court award him reasonable attorneys' fees; that the costs of this action be assessed against GAB; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,


/s/   Larry G. Michel
Larry G. Michel        #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEY FOR PLAINTIFF


## DEMAND FOR TRIAL BY JURY

Paul hereby requests, pursuant to Fed. R. Civ. P. 38(b), that all issues of fact be tried to a jury.

/s/  Larry G. Michel
Larry G. Michel

## <u>DESIGNATION OF PLACE OF TRIAL</u>

Pursuant to D. Kan. Rule 40.2, Paul designates Wichita, Kansas as the place of

Trial.

/s/   Larry G. Michel
Larry G. Michel