IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL LABRUE, JR.,

Plaintiff,

v. Case No. 08-1264-JTM

GAB ROBINS NORTH AMERICA, INC.,

Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for summary judgment. (Dkt. No. 33). Paul LaBrue, Jr. filed this action against GAB Robins North America, Inc. ("GAB"). LaBrue alleges his former employer, GAB, terminated his employment based on his medical condition, in violation of the Americans with Disabilities Act. ("ADA"), 42 U.S.C. § 12101 *et seq*.

GAB is an independent loss adjusting company and a third-party claims administrator that manages insurance claims on behalf of insurance companies, self-insured entities and others. LaBrue worked for GAB as an adjuster from 1995 until November 30, 2007. Lynne Wieder supervised LaBrue from July 24, 2006 until November 30, 2007. On March 30, 2007, LaBrue was diagnosed with HIV and he told Wieder about his diagnosis that same day.

LaBrue understood: 1) GAB guidelines require contact with claimants for most companies within 24 hours; 2) no more than 3% of files be overdue; and 3) it was important to be accessible to GAB customers. GAB received complaints about LaBrue on February 13, 2006, which continued until November 7, 2007. LaBrue was warned his performance was not satisfactory in February 2006, on April 17, 2006, October 30, 2006, March 13, 2007, March 21, 2007, June 1, 2007, August 2,

2007, October 16, 2007, and November 1, 2007. LaBrue emailed Wieder on March 22, 2007, and apologized about his performance, promised to do better and mentioned he intended to concentrate on not having so many issues with files and overdues.

Wieder did not disclose LaBrue's medical condition to any of his co-workers or former co-workers in Kansas or Colorado. No one at GAB said anything negative or derogatory to LaBrue about his medical condition. Wieder followed GAB's established practice of progressive discipline by providing LaBrue with multiple warnings to correct his performance problems. Wieder sought permission to terminate LaBrue in August 2007 and again in November 2007. He was terminated on November 26, 2007.

LaBrue first received treatment for HIV on or about May 21, 2007. LaBrue adapted to his medication no later than July 2007. Once he adapted to his medication, his medical condition did not affect his ability to perform his job. With medication, LaBrue is physically capable of performing all of the requirements of his job at GAB. He did not request: 1) a change in hours; 2) transfer to a different position; or 3) any assistance from GAB to accommodate his medical condition. LaBrue is not aware of anyone at GAB who considered him impaired because of his medical condition, or believed his medical condition limited his ability to engage in any activities.

LaBrue is able to live a normal life with medication and his HIV does not prevent him from engaging in any activities. He performs regular daily activities, including: preparing his own meals; running errands; cleaning the house; grocery shopping; laundry and yard work. He does not require any assistance in showering, getting dressed, shaving, brushing his teeth, driving or performing any other regular daily activities.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56 (c) the party opposing summary judgment must do more than show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such an individual." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA further defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities . . ." 42 U.S.C. § 12102(2). "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). A major life activity is substantially limited when an impaired person is:

> (I) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j).

Absent direct evidence of discrimination, a claim brought pursuant to the ADA is subject to the same burden-shifting approach borrowed from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Davidson v. America Online, Inc.,* 337 F.3d 1179, 1189 (10th Cir.2003); *Butler v. City of Prairie Village, Kan.,* 172 F .3d 736, 747 (10th Cir.1999). Under this approach, the plaintiff carries the initial burden of establishing a prima facie case by a preponderance of the evidence. *See McDonnell Douglas,* 411 U.S. at 802. If a plaintiff fails to prove any element of his prima facie case, then summary judgment is proper. *Burnett v. Pizza Hut of America, Inc.,* 92 F.Supp.2d 1142, 1153 (D.Kan.2000). If, however, a plaintiff can prove a prima facie case of discrimination, then defendant

must produce evidence of a legitimate, nondiscriminatory reason for the challenged employment decision. *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1321 (10th Cir.1997). If defendant satisfies this burden, then plaintiff must introduce evidence "the employer's proffered reason for the challenged [employment] action was pretextual-i.e., unworthy of belief." *Id.* (citing *Randle v. City of Aurora,* 69 F.3d 441, 451 (10th Cir.1995)).

To establish a prima facie case of discrimination under the ADA, the plaintiff must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is a "qualified individual" meaning that he is "able to perform the essential functions of the job, with or without reasonable accommodation;" and (3) the employer terminated or took adverse employment action against the plaintiff because of his disability. *See MacKenzie v. City & County of Denver,* 414 F.3d 1266, 1274 (10th Cir.2005).

Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more of . . . [his] major life activities." 42 U.S.C. § 12102(2)(A). Courts generally employ a three-step process to determine whether an individual is disabled under the "actual disability" prong: (1) determine whether the plaintiff suffers from a physical or mental impairment; (2) identify the life activity affected by the impairment and determine whether it constitutes a major life activity under the ADA; (3) determine whether the impairment substantially limited the major life activity. *See Bragdon v. Abbott,* 524 U.S. 624, 631 (1998); *Poindexter v. Atchison, Topeka & Sante Fe Railway Co.,* 168 F.3d 1228, 1230 (10th Cir.1999).

In determining whether a person is substantially limited in a major life activity, the court considers: "(1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent long term impact, or expected permanent or long term impact

of or resulting from the impairment." *Pack v. Kmart Corp.,* 166 F.3d 1300, 1305 (10th Cir.1999) (citations omitted), *cert. denied,* 528 U.S. 811 (1999).

LaBrue requests the Court to rely on new, lower standards to meet the definition of "disability" provided in the ADA Amendments Act of 2008. Although the Tenth Circuit has not addressed whether these amendments should have any retroactive application, this Court joins numerous other circuit and district courts that have held that the ADA amendments do not apply to conduct prior to the effective date of the statute. *See Fikes v. Wal-Mart, Inc.*, No. 08-12773, 2009 WL 961774, at *1 n.1 (11th Cir. Apr. 10, 2009); *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th Cir. 2009); *Kiesewetter v. Caterpillar, Inc.*, 295 Fed.Appx. 850, 851, 2008 WL 4523595, at *1 (7th Cir. Oct. 9, 2008); *see also White v. Sears, Roebuck & Co.*, No. 07CV4286 NGGMDG, 2009 WL 1140434, at *5 (E.D.N.Y. Apr. 27, 2009). The conduct alleged here occurred in 2007 and the effective date of the ADA Amendments is January 1, 2009.

The Tenth Circuit has held that a plaintiff must establish he "was unable to sleep or was significantly restricted as to the condition, manner, or duration of [his] ability to sleep as compared to the average person in the general population, taking into consideration the three factors and any mitigating or corrective measures. *Pack v. Kmart Corp*., 166 F.3d 1300, 1306 (10th Cir. 1999), *cert. denied,* 528 U.S. 811 (1999). With respect to sleeping, taking medication and stating that "I usually get a tough night's sleep" is not enough to meet the "substantial" requirement, as "[d]ifficulty sleeping is extremely widespread." *Colwell v. Suffolk County Police Dept.,* 158 F.3d 635, 644 (2nd Cir.1998), *cert. denied*, 526 U.S. 1018 (1999). Instead, there must have been a showing that the plaintiff's affliction is worse than that "suffered by a large portion of the nation's adult population." *Id.; see also, Pack,* 166 F.3d at 1306.

The first element of a prima facie case of discrimination is that a plaintiff is disabled. In this case, LaBrue claims he is disabled by a series of symptoms due to his HIV diagnosis. Specifically, he alleges night sweats impaired the major life activity of sleep. GAB contends in its motion for summary judgment LaBrue is not disabled. The record barely supports that LaBrue's sleep was limited by symptoms from the HIV, but it clearly does not support his claim that he was substantially limited. There are no medical records that indicate LaBrue's sleeplessness was a chronic and persistent problem. The only evidence before the court is LaBrue noted problems with sleeping due to night sweats from April 2007 through May 2007. Two months is not a prolonged period. LaBrue was terminated November 2007, which is approximately six months after his alleged sleeping problems, therefore there is no showing that he was substantially limited in any major life activity at the time of his termination. LaBrue has not demonstrated an impairment to a major life activity and thus has failed to establish the first prong of his prima facie case, that he is a disabled person under the ADA. As such, summary judgment in favor of the defendant is proper on LaBrue's ADA claim.

The second element requires a determination of whether LaBrue is qualified to perform the essential functions of the job, with or without reasonable accommodation. *Jones v. U.P.S, Inc.,* 502 F.3d 1176,1189 (10th Cir.2007). GAB did not allege LaBrue was not qualified to perform the essential functions of the job, therefore the court is only addressing the first and third elements required to establish a prima facie case of discrimination.

Although LaBrue did not prove the first element of his prima facie claim, which by itself is sufficient for the Court to grant summary judgment, the third element warrants mention. This element requires the plaintiff to offer some affirmative evidence that the disability was a determining

factor in the employer's decision. "This burden is not onerous, but it is also not empty or perfunctory." *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323-24 (10th Cir.1997) (citations omitted). "[I]f the trier of fact finds [the evidence] credible, and the employer remains silent, she would be entitled to judgment as a matter of law." *Id.* at 1324.

GAB does not dispute HIV constitutes a physical impairment, but contends LaBrue cannot make out a prima facie case because he is not disabled and was not terminated because of his disability. Assuming LaBrue suffers from a "disability" within the meaning of the ADA, summary judgment on plaintiff's ADA claim is appropriate because there is no evidence this disability caused his dismissal. According to GAB, LaBrue was not fired because of discrimination, but for other legitimate reasons.

GAB is entitled to summary judgment because LaBrue cannot establish a prima facie case. He failed to provide affirmative evidence that his disability played a role in the termination of his employment, and thus the third element of LaBrue's prima facie case also fails. GAB provides a well-documented record, both before and after LaBrue's HIV diagnois, of his repeated and unresolved performance problems. The court finds that GAB advanced legitimate, nondiscriminatory reasons for LaBrue's termination, and he has not shown those reasons to be a pretext for HIV discrimination. As such, summary judgment in favor of the defendant is proper on LaBrue's ADA claim.

IT IS ACCORDINGLY ORDERED THIS 28th day of July, 2009, that the defendant's motion for summary judgment (Dkt. No. 33) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE